UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK

Not For Publication

---

In re : Chapter 7

LINDA CICALE, : Case No. 05-14462 (AJG)

Debtor.

---

**OPINION AND ORDER GRANTING MOTION  
TO VACATE AUTOMATIC STAY**

Before the Court is the motion of Wachovia, N.A., ("Wachovia") to vacate the automatic stay under section 362(d)(2) of title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 4001(a).

**I. Background**

On March 16, 2002, Madeline Cicale ("Madeline") executed a deed conveying the real property known as 1834 Mulford Avenue, Bronx, New York (the "Real Property") to herself and Linda Ciacle ("Linda"). Based upon the conveyance, each owned one-half of the Real Property as tenants-in-common. Madeline and Linda executed an Open-End Mortgage in favor of Wachovia in the original principal amount of $100,000.00 (the "Wachovia Mortgage") and a Clerical Error Authorization and Notice of Right to Cancel. In addition, Linda executed a Prime Equity Line of Credit Agreement & Disclosure Statement (the "Line of Credit"). Linda used the proceeds of the Wachovia Mortgage to write a check in the sum of $100,000.00. From June 2002 through may 2005, approximately 29 payments were made on account of interest and other charges accruing under the Wachovia Mortgage and the Line of Credit. Linda conveyed her one-half interest in the Real Property back to Madeline by deed dated September 30, 2002.

On June 21, 2005, Linda (hereinafter referred to as the "Debtor") filed a Chapter 7 petition. The balance due and outstanding on the Wachovia Mortgage as of June 21, 2005 was $103,385.90. On September 1, 2005, Wachovia moved for relief from the automatic stay under section 362(d)(2) of the Bankruptcy Code. The Trustee had no objection to Wachovia's requested relief, however, on September 15, 2005, Wachovia withdrew its motion for relief from the automatic stay. On October 14, 2005, Wachovia filed a complaint, Adversary Proceeding 05-02862, alleging that the sums due under the Wachovia Mortgage are non-dischargeable under section 523(a)(2)(A) of the Bankruptcy Code and that claim was based upon an affidavit by Madeline swearing that the Debtor forged Madeline's signature on the Wachovia Mortgage.

On January 6, 2006, Madeline filed a complaint against the Debtor, Adversary Proceeding 06-01004, alleging that the Debtor forged Madeline's signature on the Wachovia Mortgage. In May of 2006, Madeline moved for a default judgment against the Debtor and submitted an affidavit which repeated and elaborated on her allegations of wrongdoing and fraud by the Debtor.

In October 2006, Madeline sued Wachovia in Supreme Court, State of New York, Bronx County, *Madeline Cicale v. Wachovia Bank*, Index No. 28099/06, seeking to invalidate and nullify the Wachovia Mortgage (the "State Court Action").

On February 20, 2007, Wachovia moved for an order adding Madeline as a co-defendant in its adversary proceeding. Wachovia also requested, by letter dated February 26, 2007, that the Court schedule a pre-motion conference under Local Bankruptcy Rule 7056-1 as a preliminary step to moving for summary judgment. On March 14, 2007, the Debtor moved to compel Madeline to comply with outstanding discovery demands. On March 14, 2007, Madeline moved to withdraw her adversary proceeding against the

2

Debtor. On April 18, 2007, the Court granted the Motion to Withdraw with prejudice. On May 4, 2007, Wachovia filed the instant motion.

## II. Discussion

Wachovia moves under section 362(d)(2) of the Bankruptcy Code to vacate the automatic stay to the extent that would permit Wachovia to commence a third-party action against the Debtor in the State Court Action (the "Third-Party Action"). (The Third-Party Action would also be commenced against Madeline.) Section 362(d)(2) of the Bankruptcy Code provides that the bankruptcy court shall grant relief from the stay, with respect to a stay of an act against property, if the debtor does not have equity in such property, and such property is not necessary to an effective reorganization. Section 362(a)(1) of the Bankruptcy Code provides that filing a petition in bankruptcy stays the commencement or continuation of any action or proceedings against the Debtor.

The Court finds that section 362(d)(2) is not applicable to the instant matter because the Debtor does not have, or assert, any interest, either legal or equitable, in the Real Property, and therefore, since the Real Property is not property of the estate, it does not come within the reach of the automatic stay.

Although relief from the automatic stay is not warranted under section 362(d)(2), section 362(d)(1) of the Bankruptcy Code provides that the bankruptcy court shall grant relief from the automatic stay "for cause."[1] The Bankruptcy Code does not define the meaning of the phrase "for cause." E.g., *Schneiderman v. Bogdanovich* (*In re Bogdanovich*), 292 F.3d 104, 110 (2d Cir. 2002). In determining whether sufficient cause

---

[1] The Debtor responds to the relief sought by arguing that the Sonnax analysis is the appropriate analysis because the relevant subsection is (d)(1) and not (d)(2). The Debtor does not raise the issue of a lack of notice as to the appropriate basis of the relief sought. Under the circumstances of this case with the numerous status conferences and the discussions regarding the procedural posture of the case, it is understandable that the Debtor, although not given specific notice of the basis of the relief by the motion, was well aware of the issues and the factors that would be considered by the Court, responded accordingly, and therefore did not raise a lack of notice issue.

3

exists to grant relief from the automatic stay, a court in this circuit should examine the factors set forth in *Sonnax Indus., Inc. v. Tri Component Products Corp.* (*In re Sonnax Indus., Inc.*), 907 F.2d 1280, 1286 (2d Cir. 1990), to determine whether relief from the automatic stay is warranted.

> These factors are
>
> (1) whether relief would result in a partial or complete resolution of the issues,
> (2) lack of any connection with or interference with the bankruptcy case,
> (3) whether the other proceeding involves the debtor as a fiduciary,
> (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action,
> (5) whether the debtor's insurer has assumed full responsibility for defending it,
> (6) whether the action primarily involves third parties,
> (7) whether litigation in another forum would prejudice the interests of other creditors,
> (8) whether the judgment claim arising from the other action is subject to equitable subordination,
> (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor,
> (10) the interests of judicial economy and the expeditious and economical resolution of litigation,
> (11) whether the parties are ready for trial in the other proceeding, and
> (12) impact of the stay on the parties and the balance of harms.

*Id.* (citing *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984) (hereafter known as the "Sonnax Factor(s)")).

All twelve Sonnax Factors will not be relevant in every case,[2] *Mazzeo v. Lenhart* (*In re Mazzeo*), 167 F.3d 139, 143 (2d Cir. 1999), nor will a court accord equal weight to each element.[3] *Burger Boys, Inc. v. South St. Seaport Ltd. P'Ship* (*In re Burger Boys,*

---

[2] The Court notes that Sonnax Factors 3, 5, 7, 8, and 9 are not relevant to the instant matter, leaving seven factors for the Court to consider.

[3] The Court notes that neither party addresses factors 4 and 6. With respect to Sonnax Factor 4, the Court notes that the state court is not a specialized tribunal; and further, no such specialized tribunal has been established to adjudicate the liability of the Wachovia Mortgage and thus, this factor weighs in favor of the Debtor. With respect to Sonnax Factor 6, the Court notes that although the State Court Action involves third parties, it cannot be said to primarily involve third parties because Wachovia must join the Debtor in any proceeding to foreclose its mortgage against the Real Property in order to obtain complete relief, irrespective of the fact that the Debtor has no economic interest in the Real Property, and thus, this Sonnax Factor favors the Debtor. In reviewing these two factors, the Court finds that they have a *de*

4

*Inc.*), 183 B.R. 682, 688 (S.D.N.Y. 1994); *In re New York Medical Group, P.C.*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001).

The burden of proof on a motion to modify the automatic stay is a shifting one. *In re Sonnax Indus., Inc.*, 907 F.2d at 1285. The initial burden rests on the movant to show cause to modify the stay. *In re Bogdanovich*, 292 F.3d at 110; *In re Mazzeo*, 167 F.3d at 142; *In re Sonnax Indus., Inc.*, 907 F.2d at 1285. Only if the movant makes an initial showing of cause does the burden then shift to the party opposing the relief. *In re Mazzeo*, 167 F.3d at 142. Once a legally sufficient basis, or cause, is demonstrated by the movant, the party opposing the relief must prove that it is entitled to the continuing protections of the automatic stay. *In re M.J. & K. Co., Inc.*, 161 B.R. 586, 590 (Bankr. S.D.N.Y. 1993). If the movant fails to meet its initial burden of demonstrating cause, relief from the automatic stay should be denied. *In re Bogdanovich*, 292 F.3d at 110; *In re Mazzeo*, 167 F.3d at 142; *In re Sonnax Indus., Inc.*, 907 F.2d at 1285. The determination whether to modify the automatic stay depends upon the facts of each motion. *In re Bogdanovich*, 292 F.3d at 110.

*a. Sonnax Factor 1: Whether Relief Would Result in a Partial or Complete Resolution of the Issues*

Wachovia argues that the Third-Party Action would result in the complete resolution of all state court issues, and Wachovia would only return to the Court if the issue of fraud, on the part of the Debtor, arises in connection with a finding by the state court that the Wachovia Mortgage was invalid. However, the Debtor argues that the relief Wachovia has requested will not result in a complete resolution of the issues in this

---

*minimus* impact when considered with the other factors present in the instant matter and would not alter the Court's conclusion.

5

bankruptcy case and will only delay the issue of dischargeability, which cannot be resolved in the Third-Party Action.

The Court finds that Wachovia seeks relief from the automatic stay for the purpose of resolving the issue of the validity of the Wachovia Mortgage, which may resolve the subsequent issue of the dischargeability of the Debtor's liability under the Wachovia Mortgage. Although the Debtor argues that allowing the requested relief will not result in a complete resolution of all issues, the Court has determined that Wachovia should not be forced to resolve the issue of dischargeability, one raised solely in response to Madeline's challenge to the validity of the Wachovia Mortgage, prior to a determination of the validity of the Wachovia Mortgage in the state court. The issues regarding the validity of the Wachovia Mortgage are relevant issues to consider under this factor.

Therefore, the Court finds that allowing Wachovia to proceed with the Third-Party Action will result in a complete resolution of issues regarding the validity of the Wachovia Mortgage, and thus, this Sonnax Factor favors Wachovia.

*b. Sonnax Factor 2: Lack of Any Connection With or Interference With the Bankruptcy Case*

The Debtor argues that granting Wachovia's requested relief will delay the Debtor's discharge and severely interfere with the bankruptcy case. However, the Court finds that although the issue of dischargeability may be delayed, any delay experienced in the Third-Party Action will also occur if the validity of the Wachovia Mortgage was adjudicated in the bankruptcy court. Furthermore, the Court finds that the connection between the Third-Party Action and the dischargeability proceeding is that the litigation in the Third-Party Action will address issues that may be relevant to the dischargeability proceeding.

6

Therefore, the Court finds that although the Third-Party Action will delay the prosecution of the discharge action, any delay will not unnecessarily interfere with the bankruptcy case. That is because if Wachovia does not commence the Third-Party Action, similar litigation would go forward in the discharge action, and thus, this Sonnax Factor weighs in favor of Wachovia. Further, the Court notes that the Third-Party Action ultimately may, in fact, expedite the resolution of any remaining issues in the bankruptcy court.

*c. Sonnax Factor 10: The Interests of Judicial Economy and the Expeditious and Economical Resolution of Litigation*

Wachovia argues that it is in the interests of both judicial economy and the expeditions and economical resolution of litigation to allow Wachovia to commence the Third-Party Action because it would resolve the issue of the validity of the Wachovia Mortgage, which may, in turn, resolve Wachovia's objection to the dischargeability. The Debtor argues that if the Court were to lift the automatic stay, the adversary proceeding regarding Wachovia's objection to the dischargeability of the Debtor's liability under the Wachovia Mortgage will be unreasonably delayed, while a continuation of the stay is in the interests of judicial economy because a continuation will lead to the prompt resolution of the dischargeability of claims under the Wachovia Mortgage and simplify the issues that must be decided in the Third-Party Action.

The Court finds, in the interests of judicial economy, that allowing Wachovia to proceed with the Third-Party Action will not result in any unreasonable or unforeseeable delay. Furthermore, the Court finds that allowing Wachovia proceed with the Third-Party Action will provide the most efficient and economical resolution of the litigation because the Third-Party Action may alleviate the need for any further proceedings in the bankruptcy court. Thus, this Sonnax Factor weighs in favor of Wachovia.

*d. Sonnax Factor 11: Whether the Parties Are Ready for Trial in the Other Proceeding*

The other proceeding has yet to be commenced but it appears from the record of the various status conferences that any state court proceeding regarding the foreclosure is a relatively straight forward proceeding that will not require a great deal of trial preparation.  Further, the Court is convinced that the any state court foreclosure proceeding will require far less trial preparation that would take place if Wachovia is required to proceed with the proceeding before the Court regarding the dischargeability action.  Therefore, the Court finds that this Sonnax Factor favors Wachovia.

*e. Sonnax Factor 12: Impact of the Stay on the Parties and the Balance of Harms*

Wachovia argues that a continuation of the automatic stay would require it to argue the issue of dischargeability, which would be unreasonably burdensome, since the issue of the validity of the Wachovia Mortgage has not yet been determined.

The Debtor argues that if the stay is lifted, she will suffer substantial prejudice on the basis that the Debtor will have to participate in the Third-Party Action, "for an unknown period of time, at her own expense and without the security from future liability that a final discharge order would provide."  The Court notes that although the Debtor has been able to procure *pro bono* counsel for the instant matter, her counsel argues that she would not be represented in state court because of her financial status."  The Court implies from the Debtor's current *pro bono* counsel that they would be unable to represent her in the Third-Party Action if relief from the stay was granted.  However, the Court finds that this fact is not a basis on which the Court should prevent Wachovia from proceeding with its foreclosure action in the state court.

Therefore, the Court finds that although the Debtor may not be able to procure counsel in the Third-Party Action, that does not outweigh the harm that Wachovia would

8

encounter if the automatic stay continued to prevent Wachovia from proceeding with the commencement of the Third-Party Action. Wachovia objected to the dischargeability based upon the affidavit of Madeline. To require Wachovia to litigate the issue of fraud prior to a determination of the validity of the Wachovia Mortgage would be unduly prejudicial to Wachovia, and thus, the Court finds that this Sonnax Factor weighs in favor of Wachovia.

### III. Conclusion

After considering the relevant the Sonnax Factors, the Court finds that Wachovia has satisfied its initial burden and the Debtor has failed to carry the necessary burden to warrant the continuation of the automatic stay. Further, the adversary proceeding with respect to dischargeability will be suspended, unless otherwise ordered by the Court, until the conclusion of the Third-Party Action.

Accordingly, for the reasons set forth herein it is hereby

ORDERED, that the Motion to Vacate the Automatic Stay is granted.

Dated: New York, New York
      June 29, 2007

                                                s/Arthur J. Gonzalez
                                                UNITED STATES BANKRUPTCY JUDGE